UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON CROOK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CIRCLE CENTRE MALL, LLC, )<br>)<br>Defendant. ) | CAUSE NO. 1:21-cv-327 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  This is an action brought by Plaintiff, Jason Crook ("Crook"), by counsel, against Defendant, Circle Centre Mall, LLC, ("Defendant"), alleging violations of Title VII of the Civil Rights Acts of 1964 (Title VII), as amended, 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2.  Crook is a resident of the State of Indiana, who at all relevant times resided within the geographical boundaries of the Southern District of Indiana.

3.  Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.  Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5e(f)(3).

5.  Defendant is an "employer" as the term is defined by 42 U.S.C. §2000e(b).

6.  Crook was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Crook satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sexual orientation discrimination and retaliation for having complained of said discrimination. Crook received the Required Notice of Suit Rights and now timely files this action.

8. A substantial part of the events, transactions, and occurrence relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Crook was hired by Defendant in or about January 2017 as a Maintenance Technician.

10. At all relevant times, Crook met or exceeded Defendant's legitimate performance expectations.

11. Throughout Crook's employment, he was subjected to severe and pervasive harassment by his supervisors and co-workers because of his sexual orientation. Some examples of the harassment include, but are not limited to, the following:

   a. During his first week of employment, Jack Johnson, Crook's supervisor at the time, using a staple gun, stapled Crook's pants to his buttocks. The event was witnessed by Crook's co-workers and supervisor, who laughed at the indignity.

b.   In or about February 2017, Johnson "goosed" him with a broomstick while he was on a ladder performing his job duties. The event was witnessed by co-workers, who laughed at the harassment.

c.   Mcammac, who became Crook's supervisor after Johnson, routinely called Crook a "faggot" and a "bitch".

d.   At the end of his shift, whenever Crook said goodbye to his supervisor, Mcammac would imitate a gay person in a derisive way to say goodbye to Crook.

e.   The maintenance technicians had walkie-talkies in order to communicate with each other. Crook's walkie-talkie handle was 310. Crook found comments like "310 is a bitch" and "310 is gay" scrawled on the walls of the freight elevator area. On another occasion, there was a drawing of a penis and scrawled below it was "suck it 310."

10.   In February 2019, Crook reported the persistent harassment to Brian Borden, Operations Manager. Borden did not take any remedial action.

11.   In or about March 2019, Crook reported the persistent harassment that he was enduring to Tracy Green in Human Resources. Two months later, Green closed her investigation and informed Crook that his allegations were baseless and had no merit.

12.   Following his report of protected activity, the harassment continued and Crook began receiving the more difficult and least favorable assignments. He requested to transfer to the Fashion Mall, but his request was denied.

13.   Given the severe and pervasive harassment, Crook began looking for alternate employment. When Borden found out, he demanded that Crook resign his

employment. Crook did not want to resign. Nevertheless, on or about November 21, 2019, Borden demanded that Crook submit a letter of resignation, telling him to "sit down and write it the way I tell you."

14. On or about November 23, 2019, James Lockhart, a co-worker, placed his scrotum on Crook's shoulder and said, "you've been bagged, Fag." Lockhart referred to this as "bagging" Crook and it had occurred on at several previous occasions. Crook reported this harassment; however, no remedial action was taken.

15. Crook's co-workers would put cockroaches in his beverage cups. On or about December 2, 2019, Crook became seriously ill and was hospitalized after drinking a beverage that unbeknownst to him had a cockroach in it. Crook reported this harassment; however, no remedial action was taken.

16. Crook's last day of employment was December 4, 2019.

## V. CAUSES OF ACTION

### COUNT I: DISCRIMINATION

17. Crook hereby incorporates paragraphs one (1) through sixteen (16) of his Complaint.

18. Crook was subjected to severe and pervasive harassment based on his sexual orientation.

19. Crook was constructively discharged based on his sexual orientation.

20. Defendant's actions were intentional, willful, and in reckless disregard of Crook's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*

21. Crook has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

22. Crook hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Crook engaged in a protected activity when he reported the ongoing harassment based on his sexual orientation.

24. Defendant retaliated against him by continuing to allow him to be subjected to harassment and constructively discharging his employment.

25. Defendant's actions were intentional, willful, and in reckless disregard of Crook's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*

26. Crook has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jason Crook, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that retaliates against any employee for reporting sexual or sexual orientation based harassment;

2. Reinstate him to the position, salary, and seniority he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3.     Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful actions;

4.     Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by Defendant's unlawful actions;

5.     Award the Plaintiff punitive damages for violations of Title VII;

6.     Award the Plaintiff attorney fees, litigation expenses, and costs incurred as a result of this action;

7.     Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8.     Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, IN 46204
Telephone:    (317) 991-4765
Facsimile:      (812) 424-1005
Email:            ad@bdlegal.com
*Counsel for Plaintiff, Jason Crook*

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Crook, by counsel, request a trial by jury on all issues deemed so triable.

    Respectfully Submitted,

    BIESECKER DUTKANYCH & MACER, LLC

    By: */s/ Andrew Dutkanych III*
    Andrew Dutkanych III
    144 North Delaware Street
    Indianapolis, IN 46204
    Telephone:   (317) 991-4765
    Facsimile:   (812) 424-1005
    Email:        ad@bdlegal.com
    *Counsel for Plaintiff, Jason Crook*